# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/06/2019 04:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FLOWERS FOODS, INC., FLOWERS BAKING CO. OF MODESTO
LLC, and FLOWERS BAKING CO. OF HENDERSON LLC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAUL JAMES BARBOZA, MANUEL MARQUEZ, FRANCIS REAPORT,
MATTHEW BLEHM, LARRY LUNDVALL, EDWARD SMITH, GARY HAYES,
MICHAEL MARTINSON, and GABRIEL FIERRO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER: *(Número del Caso):* 19STCV27570 |
|---|---|

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Valerie Brender, Rukin Hyland & Riggin LLP; 1939 Harrison St., #290, Oakland, CA 94612; 415-421-1800

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* 08/06/2019 | Clerk, by *(Secretario)* Marita P. Barel | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Ex. A, pg. 2

Electronically FILED by Superior Court of California, County of Los Angeles on 08/06/2019 04:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Peter Rukin, SBN 178336
*prukin@rukinhyland.com*
Valerie Brender, SBN 298224
*vbrender@rukinhyland.com*
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Ste. 290
Oakland, CA 94612
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

(Additional Counsel on Following Page)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RAUL JAMES BARBOZA, MANUEL MARQUEZ, FRANCIS REAPORT, MATTHEW BLEHM, LARRY LUNDVALL, EDWARD SMITH, GARY HAYES, MICHAEL MARTINSON and GABRIEL FIERRO,<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., FLOWERS BAKING CO. OF MODESTO LLC, and FLOWERS BAKING CO. OF HENDERSON LLC.,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) REIMBURSEMENT OF BUSINESS EXPENSES (Labor Code §2802);**<br>**(2) UNLAWFUL DEDUCTIONS FROM WAGES (Labor Code §§221, 223, 400-410);**<br>**(3) FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS (Labor Code §§226.7, 512);**<br>**(4) FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS (Labor Code §§226.7, 1194);**<br>**(5) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Labor Code §§226, 226.3);**<br>**(6) CALIFORNIA UNPAID OVERTIME COMPENSATION (Labor Code §§ 410, 1194, *et seq.*, IWC Wage Order No. 1);**<br>**(7) VIOLATIONS OF UCL (Bus. & Prof. Code §17200 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Aaron Kaufmann, SBN 148580
*akaufmann@leonardcarder.com*
Elizabeth Gropman, SBN 294156
*egropman@leonardcarder.com*
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174

*Attorneys for Plaintiffs*

- 1 -
COMPLAINT FOR DAMAGES

1      1.      Plaintiffs Raul James ("Jimmy") Barboza, Manuel Marquez, Francis Reaport,

2   Matthew Blehm, Larry Lundvall, Edward Smith, Gary Hayes, Michael Martinson, and Gabriel

3   Fierro (referred to collectively as "Plaintiffs") allege the following for their complaint.

## I.      JURISDICTION AND VENUE

5      2.      This Court has jurisdiction over all causes of action asserted herein pursuant to

6   the California Constitution, Article VI, Section 10, which grants the Superior Court original

7   jurisdiction in all cases except those given to other trial courts.

8      3.      Plaintiffs seek damages in this case in an amount exceeding the jurisdictional

9   minimum of this Court.

10      4.      Venue in Los Angeles County is proper under California Code of Civil

11   Procedure section 395.5 because the unlawful conduct at issue in this case occurred in Los Angeles

12   County.  In addition, Defendants conducted and continue to conduct substantial business in this

13   County and their liability arose, in part, in this County.

## II.      INTRODUCTION

15      5.      This is an action for relief from Defendants' misclassification of their

16   California bakery distributor drivers ("Delivery Drivers") as "independent contractors."  Defendants

17   Flowers Foods, Inc. ("Flowers Foods"), Flowers Baking Co. of Modesto ("Flowers-Modesto"),

18   Flowers Baking Co. of Henderson ("Flowers-Henderson") ("Flowers Bakeries"), and their affiliates

19   (collectively "Defendants" or "Flowers") are in the wholesale bakery business, relying on drivers

20   such as Plaintiffs to deliver to and stock baked goods at retail grocery store outlets, restaurants, and

21   other retail store outlets. Plaintiffs are not free from Defendants' control and direction, either under

22   their contract or in fact; plaintiffs perform work that is within Defendants' usual course of business;

23   and Plaintiffs are not engaged in an independently established trade, occupation, or business. As a

24   result, Plaintiffs are Defendants' employees under the Labor Code and the corresponding IWC

25   Wage Order No. 1. *See Dynamex Operations W., Inc. v Super. Ct. of Los Angeles* (2018) 4 Cal 5th

26   903. Additionally, Defendants exercise comprehensive control over the manner and means by which

27   Plaintiffs perform their work, such that they are also employees under *S.G. Borello & Sons, Inc. v.*

28   *Dep't of Indus. Relations* (1989) 48 Cal. 3d 341, 357.

6.      By misclassifying Plaintiffs as independent contractors, Defendants have sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission ("IWC") wage orders, including: the duty to indemnify employees for all expenses and losses necessarily incurred in connection with their employment (Cal. Labor Code §2802; IWC wage order No. 1, §§ 8-9); the duty to refrain from unlawful deductions from wages (Cal. Labor Code §§ 221, 223, 400-410); the duty to provide off-duty meal periods (Cal. Labor Code §§ 512, 226.7; IWC wage order No. 1, § 11); the duty to authorize and permit paid rest periods (Cal. Labor Code §§ 226.7, 1194; IWC wage order No. 1, § 12); the duty to furnish accurate wage statements (Cal. Labor Code §§ 226, 226.3); the duty to pay overtime premium pay under California state law (Cal. Labor Code §, IWC wage order No. 1), and other legal obligations.

7.      Plaintiffs challenge Defendants' policy of willfully and unlawfully misclassifying their Drivers as "independent contractors" and thereby refusing to indemnify them for employment-related expenses and losses, taking wrongful deductions from their wages, coercing them to purchase necessary services and items, failing to provide off-duty meal periods, failing to authorize and permit paid rest periods, failing to document actual hours worked on pay statements as required by California law, and failing to pay state and federal overtime premium pay.  This misclassification policy has been in effect since at least February of 2013.

8.      Plaintiffs bring claims for reimbursement of business expenses and losses, reimbursement of deductions wrongfully taken from wages, meal period pay, rest period pay, inaccurate wage statements, unpaid minimum wage (and liquidated damages), unpaid overtime premium pay (and liquidated damages) statutory and civil penalties, interest, and attorneys' fees and costs, under Cal. Labor Code §§ 203, 218.5, 221, 223, 226, 226.3, 226.7, 400-410, 1194, 1194.2, and 2802, Cal. Code of Civil Procedure § 1021.5. Plaintiffs also seek relief, pursuant to Cal. Business and Professions Code §§ 17200-17208 (also referred to herein as the "UCL"), including restitution and disgorgement of all benefits Defendants have obtained from the unlawful practices referenced above and detailed below.

### III.   PARTIES

**A.   Plaintiffs**

9.     Plaintiff Jimmy Barboza resides in Fresno, California.  He began as a bakery distributor driver for Flowers in approximately April 2013 through an employment placement with ABM and was treated as a W-2 employee for tax purposes. In approximately June of 2013, Plaintiff Barboza entered into a Distributor Agreement with Flowers Baking Co. of California LLC. In February of 2014, this agreement was assigned to and assumed by Flowers Baking Co. of Modesto LLC. Plaintiff Barboza has continued to serve as a Flowers Delivery Driver under this agreement. Throughout his tenure as a Flowers Delivery Driver, Plaintiff Barboza worked out of Flowers' facilities located in Fresno, California (Fresno County).  Plaintiff Barboza has driven a pickup truck and a box truck to carry out his duties for Defendants. In order to meet Flowers' and the customers' demands for product delivery and merchandising, from approximately June 2013 to January 2018, Plaintiff Barboza routinely worked from approximately 3:00 or 4:00 a.m. to 5:00 p.m. on Monday, Tuesday, Thursday, Friday, and Saturday; and from approximately 6:00 a.m. to 7:00 a.m. on Wednesday and Sunday. From approximately January 2018 to January 2019, Plaintiff Barboza routinely worked from approximately 4:00 a.m. to 2:00 p.m. on Monday, Tuesday, Thursday, Friday, and Saturday; and from approximately 6:00 a.m. to 7:00 a.m. on Wednesday and Sunday.

10.     Plaintiff Manuel Marquez resides in La Habra, California.  He began as a bakery distributor driver for Flowers in approximately January 2013 through an employment placement with ABM and was treated as a W-2 employee for tax purposes. In May 2013, Plaintiff Marquez entered into a Distributor Agreement with Flowers Baking Co. of California LLC. In February of 2014, this agreement was assigned to and assumed by Flowers Baking Co. of Henderson LLC. Plaintiff Marquez continued to serve as a Flowers Delivery Driver under this agreement until December 2016.  Throughout his tenure as a Flowers Delivery Driver, Plaintiff Marquez has worked out of Flowers' facilities located in North Orange and Fountain Valley, California (Orange County).  Plaintiff Marquez has driven a truck and standard passenger vehicles to carry out his duties for Defendants. In order to meet Flowers' and the customers' demands for product delivery and merchandising, Plaintiff Marquez routinely worked approximately 3:00 a.m. to

6:00 p.m. on Tuesday, Thursday, and Saturday, approximately 5:00 a.m. to 5:00 p.m. or 6:00 p.m. Monday and Friday, and approximately 7:00 a.m. to 2:00 p.m. or 3:00 p.m. on Sunday and Wednesday.

11.     Plaintiff Francis Reaport resides in Garden Grove, California.  In approximately January 2016, Plaintiff Reaport entered into a Distributor Agreement with Flowers Baking Co. of California LLC. In February of 2014, this agreement was assigned to and assumed by Flowers Baking Co. of Henderson LLC. Plaintiff Reaport served as a Flowers Delivery Driver under this agreement until October 2018. Throughout his tenure as a Flowers Delivery Driver, Plaintiff Reaport has worked out of Flowers' facilities located in Fountain Valley, California (Orange County) and Santa Fe Springs, California (Los Angeles County).  Plaintiff Reaport has driven a truck and a standard passenger vehicle to carry out his duties for Defendants. In order to meet Flowers' and the customers' demands for product delivery and merchandising, Plaintiff Reaport routinely worked from approximately 7:00 a.m. to 1:30 p.m. or 2:00 p.m. on Monday, Tuesday, Thursday, Friday and Saturday, and approximately from 5:00 a.m. or 5:30 a.m. until 12:00 p.m. or 1:00 p.m. on Sunday and Wednesday.

12.     Plaintiff Matthew Blehm resides in Corona, California.  Plaintiff Blehm began as a bakery distributor driver for Flowers in early 2013 through an employment placement with ABM and was treated as a W-2 employee for tax purposes. In approximately May 2013, Plaintiff Blehm entered into a Distributor Agreement with Flowers Baking Co. of California LLC. In February of 2014, this agreement was assigned to and assumed by Flowers Baking Co. of Henderson LLC. Plaintiff Blehm has continued to serve as a Flowers Delivery Driver under this agreement. Throughout his tenure as a Flowers Delivery Driver, Plaintiff Blehm has worked out of Flowers' facilities located in Anaheim, California and Fountain Valley, California (Orange County) and Santa Fe Springs, California (Los Angeles County). Plaintiff Blehm has driven a truck with a trailer, and additionally driven the truck without the trailer, to carry out his duties for Defendants. In order to meet Flowers' and the customers' demands for product delivery and merchandising, Plaintiff Blehm routinely works from approximately 4:00 a.m. to 3:00 p.m. on Monday, 5:00 a.m. to 3:00 p.m. on Tuesday, 8:00 a.m. to 10:00 a.m. on Wednesday, 4:00 a.m. to 2:00 p.m. on Thursday,

3:00 a.m. to 1:00 p.m. on Friday, 4:00 a.m. to 4:00 p.m. on Saturday, and 8:00 a.m. to 10:00 a.m. on Sunday.

13.     Plaintiff Larry Lundvall resides in Fountain Valley, California.  In March 2013, Plaintiff Lundvall entered into a Distributor Agreement with Flowers Baking Co. of California LLC. In February of 2014, this agreement was assigned to and assumed by Flowers Baking Co. of Henderson LLC. Mr. Lundvall continues to serve as a Flowers Delivery Driver under this agreement.  Throughout his tenure as a Flowers Delivery Driver, Plaintiff Lundvall has worked out of Flowers' facilities located in Orange and Fountain Valley, California (Orange County) and Carson, California (Los Angeles County).  Plaintiff Lundvall has driven a truck and standard passenger vehicles to carry out his duties for Defendants. In order to meet Flowers' and the customers' demands for product delivery and merchandising, Plaintiff Lundvall routinely worked from approximately 2:00 a.m. to 2:30 p.m. on Monday, Tuesday, Thursday, Friday, and Saturday, and approximately 5:00 a.m. to 12:00 p.m. per day on Sunday and Wednesday. On or around March 2018, Mr. Lundvall had to reduce his schedule due to an injury but continued to work 4.5 hours a day on Monday, Tuesday, Thursday, Friday, and Saturday.

14.     Plaintiff Edward Smith resides in Carson, California.  He began as a bakery distributor driver for Flowers in March 2013. At that time, Plaintiff Smith entered into a Distributor Agreement with Flowers Baking Co. of California LLC. In February of 2014, this agreement was assigned to and assumed by Flowers Baking Co. of Henderson LLC. Plaintiff Smith has continued to serve as a Flowers Delivery Driver under this agreement.  Throughout his tenure as a Flowers Delivery Driver, Plaintiff Smith has worked out of Flowers' facilities located in Carson, California (Los Angeles County).  Plaintiff Smith has driven a truck and standard passenger vehicles to carry out his duties for Defendants. In order to meet Flowers' and the customers' demands for product delivery and merchandising, Plaintiff Smith routinely works from approximately 2:00 a.m. or 2:30 a.m. to 12:00 p.m. or 12:30 p.m. on Monday, Wednesday, Thursday, Friday, Saturday, and Sunday; and from approximately 2:00 a.m. to 1:00 p.m. on Tuesday.

15.     Plaintiff Gary Hayes resides in Moreno Valley, California. Plaintiff Hayes began as a bakery distributor driver for Flowers in approximately January 2013 through an

employment placement with ABM and was treated as a W-2 employee for tax purposes. In approximately May 2013, Plaintiff Blehm entered into a Distributor Agreement with Flowers Baking Co. of California LLC. In February of 2014, this agreement was assigned to and assumed by Flowers Baking Co. of Henderson LLC. Plaintiff Hayes has continued to serve as a Flowers Delivery Driver under this agreement. Throughout his tenure as a Flowers Delivery Driver, Plaintiff Hayes has worked out of Flowers' facilities located in Anaheim, California and Fountain Valley, California (Orange County), and Chino, California (San Bernardino County).  Plaintiff Hayes has driven a truck and personal passenger vehicles to carry out his duties for Defendants. In order to meet Flowers' and the customers' demands for product delivery and merchandising, Plaintiff Hayes routinely works from approximately 4:00 a.m. to 2:00 p.m. on Monday, Tuesday, Thursday, Friday, and Sunday; and from approximately 8:00 a.m. or 9:00 a.m. to 11:00 a.m. or 12:00 p.m. on Wednesday and Saturday.

16.     Plaintiff Michael Martinson resides in Long Beach, California.  He began as a bakery distributor driver for Flowers in April 2013 by entering into a Distributor Agreement with Flowers Baking Co. of California LLC. In February of 2014, this agreement was assigned to and assumed by Flowers Baking Co. of Henderson LLC. Plaintiff Martinson has continued to serve as a Flowers Delivery Driver under this agreement.  Throughout his tenure as a Flowers Delivery Driver, Plaintiff Martinson has worked out of Flowers' facilities located in Inglewood, California and Carson, California (Los Angeles County).  Plaintiff Martinson has driven a truck and standard passenger vehicles to carry out his duties for Defendants. In order to meet Flowers' and the customers' demands for product delivery and merchandising, Plaintiff Martinson routinely worked and continues to work from approximately 1:30 a.m. or 2:00 a.m. to 2:00 p.m. or 3:00 p.m. on Monday, Tuesday, Thursday, Friday, and Saturday, and from 5:00 a.m. to 8:00 a.m. or 9:00 a.m. on Sunday and Wednesday.

17.     Plaintiff Gabriel Fierro resides in Fontana, California, and resided in Alhambra, California while working as a Flowers Delivery Driver. Plaintiff Fierro began as a bakery distributor driver for Flowers in early 2013 through an employment placement with ABM and was treated as a W-2 employee for tax purposes. In approximately May 2013, Plaintiff Fierro

entered into a Distributor Agreement with Flowers Baking Co. of California LLC. In February of 2014, this agreement was assigned to and assumed by Flowers Baking Co. of Henderson LLC. Plaintiff Fierro served as a Flowers Delivery Driver until September of 2016. Throughout his tenure as a Flowers Delivery Driver, Plaintiff Fierro has worked out of Flowers' facilities located in Chino, California (San Bernardino County). Plaintiff Fierro has driven a truck and standard passenger vehicles to carry out his duties for Defendants. In order to meet Flowers' and the customers' demands for product delivery and merchandising, Plaintiff Fierro routinely works from approximately 4:00 a.m. to 4:00 p.m. on Monday, Tuesday, Thursday, Friday, and Saturday; and from approximately 7:00 a.m. to 3:00 p.m. on Wednesday and Sunday.

**B.    Defendants**

18.    Defendants are in the bakery business, baking and distributing brand breads and other baked goods, including brands such as Wonder, Home Pride, TastyKake, Country Kitchen, and Mi Casa.  Flowers Foods is a publicly owned corporation, traded on the NYSE.

19.    Flowers entered in the California market in or about the first quarter of 2013 when it acquired an existing bakery company that had customers throughout California. Those customers were mostly large corporate companies, including major grocery store chains, "big box" stores, and chains of restaurant.  Flowers continued to service those accounts and develop new accounts throughout the covered period.

20.    In California, Flowers Foods has operated in conjunction with Flowers-Henderson and Flowers-Modesto. When Flowers first took over the business in California, it relied on bakery delivery drivers hired and paid through a staffing agency, ABM Industries, Inc.  The drivers provided by ABM were treated as W-2 employees for tax purposes.  Over the first half of 2013, Flowers began entering into "Distributor Agreements" with many of the ABM-supplied drivers, such as Plaintiff Jimmy Barboza and Manuel Marquez, and other individuals.  By the second half of 2013, most of Flowers' Delivery Drivers operated under a Distributor Agreement. The Distributor Agreements authorize the contracting Delivery Driver to service a designated territory.  Delivery Drivers are required to pay thousands of dollars in order to work their route.  The

1  territory typically comprises of a route populated by corporate customers of Flowers. The

2  Distributor Agreements uniformly classify the Delivery Drivers as "independent contractors."

3      21.    Defendants have employed hundreds of Delivery Drivers out of warehouse

4  facilities located in several Southern California locations, including facilities located in the County

5  of Los Angeles.

6      22.    Defendant Flowers Foods, Inc. is incorporated under the laws of Georgia and

7  has its principal executive offices in Thomasville, Georgia.  Defendant Flowers Foods is and at all

8  relevant times was an employer covered by the Cal. Labor Code and IWC wage order No. 1.

9      23.    Defendant Flowers Baking Co. of Modesto, LLC, is organized under the laws

10  of California, and, upon information and belief, is a wholly-owned subsidiary of Flowers Foods.

11  Defendant Flowers-Modesto is, and at all relevant times since approximately 2013, was, an

12  employer covered by the Cal. Labor Code and IWC wage order No.1.

13      24.    Defendant Flowers Baking Co. of Henderson, LLC, is organized under the

14  laws of Nevada, and, upon information and belief, is a wholly-owned subsidiary of Flowers Foods.

15  Defendant Flowers-Henderson is, and at all relevant times since approximately 2013, was, an

16  employer covered by the Cal. Labor Code and IWC wage order No.1.

17      25.    Plaintiffs are informed and believe, and on such information and belief allege,

18  that each defendant acted in all respects pertinent to this action as the agent of the other defendants,

19  carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts

20  of each defendant are legally attributable to the other defendants.

21              **IV.    STATEMENT OF ALLEGED FACTS**

22  **A.    Plaintiffs' work is not outside Flowers' usual course of business and Plaintiffs are not
        engaged in an independent trade, occupation, or business.**

23

24      26.    Defendants produce bakery goods and distribute them to retail outlets,

25  restaurants, and institutional customers throughout the United States.

26      27.    Despite being labeled "independent contractors," Plaintiffs have been integral

27  to the operation of Defendants' core business. The day-to-day work of ordering, delivering,

28  stocking, and merchandising Defendants' products is carried out by Plaintiffs, who Defendants

classify as independent contractors, and "Prospective Distributors," who Defendants acknowledge to be employees. Plaintiffs' job requires no special license, certificate, skill, or prior experience.

28.     In order to work for Defendants' Plaintiffs were required to enter into a Distributor Agreement ("DA"). Under the DA, Plaintiffs were required to incorporate and maintain a majority ownership interest in the corporation and personally guarantee compliance with all contractual terms.

29.     Defendants restricted Plaintiffs' income from other sources, as the DA prohibited Plaintiffs from carrying products on their route that are "competitive" or "interfere" with the distribution of Defendants' products.

30.     Plaintiffs' income largely depended on Defendants' chain accounts, which generate the vast majority of Defendants' direct-store-delivery revenue in California. Defendants develop and maintain the business relationships with chain accounts, fast food outlets, and restaurants. This includes setting product pricing, creating "plan-o-grams" or schematics identifying shelf space, processing the financial transactions, and negotiating shelf space and product selection.

31.     Plaintiffs regularly worked over eight hours in a day and 40 hours in a week in order to meet Defendants' expectations of delivering fresh product five days a week in compliance with Defendants' stocking and rotation schedules.

**B.     Flowers controls Plaintiffs' work, both under their contracts and in fact, and Flowers retains all necessary control over the work that Plaintiffs perform.**

32.     Both under the DA, and in fact, Defendants control Plaintiffs' work, and Defendants' retained all necessary control over the manner and means by which Plaintiffs performed their work.

33.     Plaintiffs pick up trays of Flowers baked goods from Defendants' warehouses. Plaintiffs work designated routes delivering to and stocking shelves of customers assigned by Defendants.  Defendants provide Plaintiffs with directions and schematics for how to stock its customers' shelves.  Plaintiffs interact with Defendants' personnel at the warehouse on a daily basis.

34.     Defendants require the Plaintiffs to purchase the baked goods from Defendants to resell to Defendants' customers.  Defendants contract directly with the customers.  Defendants

1    unilaterally determine the amount of baked goods it agrees to deliver to and the prices charged to

2    their customers.  Plaintiffs have no control over the rates charged to Defendants' customers.

3            35.    Defendants require Plaintiffs to "rotate" the baked goods stocked in stores per

4    Defendants' policy and schedule.  Defendants' personnel regularly check that Plaintiffs have

5    complied with Defendants' requirements; failure to comply can result in discipline.

6            36.    Defendants specify when baked goods must be removed from their customers'

7    shelves.  Defendants will "buy back" a small percentage of the removed baked goods from the

8    Plaintiffs.  Defendants impose strict limits on what Plaintiffs may do with the remaining baked

9    goods that Defendants do not buy back.

10           37.    Plaintiffs' remuneration depends on their ability to drive their vehicles and

11   deliver and stock Defendants' baked goods.

12           38.    Plaintiffs are required to perform their job in compliance with "Good Industry

13   Practice," a term which Flowers has comprehensively defined in the DA and other materials. Good

14   Industry Practice includes, among other requirements, how to: verify, adjust, and document a load at

15   the warehouse, load Plaintiffs' vehicles, pack and stack bread trays, follow customer schematics for

16   product placement on shelves, set up promotional displays, rotate stock and stales, and return stales

17   to the warehouse.

18           39.    When Plaintiffs do not follow Defendants' rules or instructions, they are

19   subject to various types of discipline, including financial penalties and "breach letters."

20           40.    Despite Defendants' pervasive control over all aspects of its distribution and

21   stocking operations, including over Plaintiffs, Defendants have uniformly classified and treated all

22   Drivers as "independent contractors."

23           41.    Although the nature of the work performed by Plaintiffs makes detailed

24   control by management unnecessary, Defendants retain the right to control and in fact exercise

25   extensive control over the work that Plaintiffs perform.

26           42.    Defendants' right of control over Plaintiffs is retained and/or exercised by

27   Defendants as demonstrated by Defendants' written rules and policies and unwritten practices.

28

- 11 -

COMPLAINT FOR DAMAGES

43.     Defendants' classification and treatment of Plaintiffs throughout the period covered by this lawsuit as "independent contractors" rather than as "employees" is and has been unlawful.

**C.     Plaintiffs have suffered damages as a result of Defendants' misclassification**

44.     As a result of Defendants misclassifying Plaintiffs as "independent contractors," Defendants have unlawfully failed to indemnify Plaintiffs for employment-related expenses, including the costs of providing their leased or owned vehicles; all operation costs associated with the vehicle, including fuel, maintenance, repair, cleaning, and licensing; liability and other insurance covering work place injuries; cellular telephones; and miscellaneous tools, such as dollies and pallet jacks.  Defendants have also failed to indemnify Plaintiffs for employment-related losses, such as cargo loss or damage, and bodily and property damage claims.  Defendants have taken deductions from their compensation to cover many of these employment-related expenses. Defendants have also charged Plaintiffs for "distribution rights" in order to work their route.  Under the Distribution Agreement, Defendants reserved the right to and have taken deductions from the compensation of Plaintiffs to cover many of these employment-related expenses.

45.     Defendants have regularly failed to provide a timely 30 minute off-duty meal period to Plaintiffs when they worked more than five hours in a day.

46.     Defendants have regularly failed to provide a second timely 30-minute meal period to Plaintiffs who worked more than 10 hours in a day.

47.     Defendants have also failed to authorize and permit 10-minute rest periods for every four hours or major fraction thereof to Plaintiffs who have worked more than 3 ½ hours in a day and have failed to separately compensate Plaintiffs for rest periods.

48.     Defendants failed to compensate Delivery Drivers, including Plaintiffs, for all overtime hours worked, including all hours worked in excess of eight hours in one workday or 40 hours in any one workweek at the rate of no less than one and one-half times Plaintiffs' regular rate of pay, and all hours worked in excess of 12 hours in one workday at a rate of no less than two times their regular rate of pay.

49.     Plaintiffs are informed and, on that basis, allege that Defendants have not properly maintained payroll records showing the actual hours worked and meal periods taken and missed each day by Plaintiffs.

50.     Defendants have failed to itemize the total hours worked on wage statements furnished to Plaintiffs.

## V.     DAMAGES

51.     As a direct, foreseeable, and proximate result of Defendants' conduct, Defendants owe Plaintiffs unreimbursed business expenses plus interest, repayment of unlawfully deducted wages plus interest, missed meal period compensation plus interest, missed paid rest period compensation plus interest, overtime premium pay and liquidated damages, statutory penalties, and attorneys' fees and costs, the precise amount of which will be proven at trial.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### REIMBURSEMENT OF BUSINESS EXPENSES
### (CAL. LABOR CODE § 2802)

52.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

53.     While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiffs have incurred work-related expenses.  Such expenses include but are not limited to the costs of purchase or lease of vehicles; fuel, maintenance, and other vehicle operating costs; various forms of insurance; communications equipment and handheld device; cellular telephones; warehouse rent; and uniforms and laundry services.  Plaintiffs were also required to pay thousands of dollars for "distribution rights" in order to work their route.  Defendants have also held Plaintiffs accountable for losses such as out-of-date bake goods and shrink.  Plaintiffs necessarily incurred these substantial expenses and losses as a direct result of performing their job duties for Defendants.

54.     Defendants have failed to indemnify or in any manner reimburse Plaintiffs for these expenditures and losses. By misclassifying Plaintiffs as "independent contractors," and further by requiring those employees to pay expenses and cover losses that they incurred in direct

1   consequence of the discharge of their duties for Defendants and/or in obedience to Defendants'

2   direction, Defendants have violated and continue to violate Cal. Labor Code § 2802.

3      55.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

4   suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorney

5   fees for the prosecution of this action.

6      56.    Plaintiffs request relief as described below.

7   **SECOND CAUSE OF ACTION**
    **UNLAWFUL DEDUCTIONS FROM WAGES**
8   **(CAL. LABOR CODE §§ 221, 223, 400-410, IWC. WAGE ORDER NO. 1)**

9      57.    The allegations in all of the preceding paragraphs are realleged and

10  incorporated herein by reference.

11     58.    Labor Code § 221 provides: "It shall be unlawful for any employer to collect

12  or receive from an employee any part of wages theretofore paid by said employer to said

13  employee."

14     59.    Labor Code § 223 provides: "Where any statute or contract requires an

15  employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage

16  while purporting to pay the wage designated by statute or by contract."

17     60.    Labor Code §§ 400-410 ("Employee Bond Law") provide the limited

18  circumstances under which an employer can exact a cash bond from its employees.  These

19  provisions are designed to protect employees against the very real danger of an employer taking or

20  misappropriating employee funds held by the employer in trust.

21     61.    IWC wage order No. 1, § 8 provides that the only circumstance under which

22  an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss

23  of equipment is if the employer can show that the shortage, breakage, or loss was the result of the

24  employee's gross negligence or dishonest or willful act.

25     62.    These and related statutes, along with California's fundamental public policy

26  protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated

27  or unpredicted reductions in their wages; making employees the insurers of their employer's

28  business losses; otherwise passing the ordinary business losses of the employer onto the employee;

---

1   taking deductions from wages for business losses unless the employer can establish that the loss was

2   caused by a dishonest or willful act, or gross negligence of the employee; or taking other

3   unpredictable deductions that may impose a special hardship on employees.

4         63.     Defendants have violated Cal. Labor Code §§ 221, 223, and 400-410, and

5   IWC wage order No. 1, § 8 by unlawfully taking deductions from Plaintiffs' compensation to cover

6   certain ordinary business expenses of Defendants, including but not limited to out-of-date baked

7   goods pulled from customers' stock, and shrink.  Defendants also deducted from Plaintiffs' wages

8   the cost of "distribution rights," which Defendants charged Plaintiffs in order to work their routes.

9         64.     Because Defendants took unlawful deductions from Plaintiffs' compensation,

10   they are liable to Plaintiffs for the compensation that should have been paid but for the unlawful

11   deductions, pursuant to Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 1, § 8.

12         65.     By unlawfully deducting wages and failing to pay Plaintiffs, Defendants are

13   also liable for penalties, reasonable attorneys' fees, and costs under Labor Code §§ 218.5 and 1194.

14         66.     Plaintiffs request relief as described below.

15              **THIRD CAUSE OF ACTION**

16       **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS**
**(CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 1)**

17         67.     The allegations in all of the preceding paragraphs are realleged and

18   incorporated herein by reference.

19         68.     Plaintiffs have regularly worked in excess of five (5) hours a day without

20   being afforded at least a half-hour meal period in which they were relieved of all duties, as required

21   by Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 1, § 11(A).

22         69.     Because Defendants failed to afford proper and timely meal periods, they are

23   liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each

24   workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(b)

25   and IWC wage order No. 1, § 11(B).

26         70.     By violating Cal Labor Code §§ 226.7 and 512, and IWC wage order No. 1, §

27   11, Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor

28   Code §§ 218.5 and 1194.

71.     Plaintiffs request relief as described below.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY EMPLOYEES FOR REST BREAKS**
**(CAL. LABOR CODE §§226.7, 1194 AND 1194.2, IWC WAGE ORDER NO. 1)**

72.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

73.     IWC Wage Order No. 1, §12(A), provides in pertinent part as follows: "Every employer shall authorize and permit all employees to take rest periods . . .   The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof . . .   Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

74.     Plaintiffs were compensated for delivering baked goods based on Defendants' determination of a commission, and Plaintiffs were not separately compensated for taking duty-free rest periods.

75.     Plaintiffs were unable to deliver baked goods and/or earn a commission while taking duty-free rest periods, and therefore were precluded from earning compensation during any time during which they managed to take a duty-free rest period.

76.     Defendants failed to authorize and permit Plaintiffs to take a ten-minute paid rest period for each four hours of work or major fraction thereof.

77.     Thus, Plaintiffs regularly worked in excess of three and a half hours a day without being provided at least one paid 10-minute rest period in which they were relieved of all duties, as required by Labor Code § 226.7, and IWC wage order No. 1, §12(A).

78.     Thus, Plaintiffs regularly worked in excess of six hours a day without being provided at least two paid 10-minute rest periods in which they were relieved of all duties, as required by Labor Code § 226.7 and IWC wage order No. 1, §12(A).

79.     Because Defendants failed to authorize and permit Plaintiffs compliant rest periods, they are liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the compliant rest periods were not provided, attorneys' fees,

- 16 -
COMPLAINT FOR DAMAGES

penalties, and interest, pursuant to Labor Code §§ 226.7(b), 218.5, and 1194, and IWC wage order No. 1, §12(B).

80.     Plaintiffs request relief as described below.

## FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (CAL. LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 1)

81.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

82.     Cal. Labor Code § 226(a) and IWC wage order No. 1, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee.  Cal. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

83.     Defendants knowingly and intentionally failed to furnish Plaintiffs with timely, itemized statements showing the total hours worked, as required by Cal. Labor Code § 226(a) and IWC wage order No. 1, § 7(B).  As a result, Defendants are liable to Plaintiffs for the amounts provided by Cal. Labor Code § 226(b) and for penalties, and attorneys' fees.

84.     Plaintiffs request relief as described below.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION
### (LABOR CODE §§ 510, 1194, *ET SEQ.*, IWC WAGE ORDER NO. 1)

85.     Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

86.     Plaintiffs regularly worked over eight hours in a day and over 40 hours in a week while serving as Flowers Delivery Drivers, for which Defendants did not pay them overtime premium compensation.

87.     By failing to pay overtime compensation to Plaintiffs, as alleged above, Defendants violated Labor Code § 510 *et. seq* and IWC wage order No. 1, § 3.

88.     As a result of Defendants unlawful acts, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Labor Code § 1194.

89.     Plaintiffs request relief as described below.

## SEVENTH CAUSE OF ACTION
### VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)
### (CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)

90.     The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference.

91.     Cal. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

92.     Cal. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

93.     Beginning at an exact date unknown to Plaintiffs, but at least since approximately January 2013, Defendants have improperly, fraudulently, and unlawfully classified its Delivery Drivers as "independent contractors" and have thereby committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

a.     failing to indemnify Plaintiffs for employment-related business expenses and losses;

b.     improperly and unlawfully making deductions from Plaintiffs' compensation because of the return out-of-date product, work-related expenses and losses not attributable to Plaintiffs' dishonest or willful act, or to the gross negligence of the Plaintiffs, as described above;

c.     failing and refusing to provide meal periods to Plaintiffs;

d.     failing to authorize and permit paid rest periods to Plaintiffs;

e.     unlawfully deducting money from wages owed to Plaintiffs;

f.     failing to provide accurate itemized wage statements to Plaintiffs;

g.     failing to pay overtime compensation to Plaintiffs;

1          h.      by intentionally, recklessly and/or negligently misrepresenting to Plaintiffs

2    the true nature of their employment status.

3          94.     The violations of these laws serve as unlawful, unfair, and/or fraudulent

4    predicate acts and practices for purposes of Cal. Business and Professions Code § 17200.

5          95.     As a direct and proximate result of Defendants' unlawful, unfair, and/or

6    fraudulent acts and practices described herein, Defendants have received and continue to hold ill-

7    gotten gains belonging to Plaintiffs.  As a direct and proximate result of Defendants' unlawful

8    business practices, Plaintiffs have suffered economic injuries including, but not limited to out-of-

9    pocket business expenses, unlawful deductions from compensation, compensation for missed meal

10   periods and rest breaks.  Defendants have profited from their unlawful, unfair, and/or fraudulent acts

11   and practices in the amount of those business expenses, improper deductions from compensation,

12   meal and rest period compensation, and interest accrued by Plaintiffs.

13         96.     Plaintiffs are entitled to restitution pursuant to Cal. Business & Professions

14   Code §§ 17203 and 17208 for all unpaid business expenses, unlawful deductions from

15   compensation, meal and rest period compensation, and interest since January 2012.

16         97.     Plaintiffs are entitled to enforce all applicable penalty provisions of the Cal.

17   Labor Code pursuant to Cal. Business & Professions Code § 17202.

18         98.     By all of the foregoing alleged conduct, Defendants have committed, and are

19   continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the

20   meaning of Cal. Business & Professions Code §17200 et seq.

21         99.     As a direct and proximate result of the unfair business practices described

22   above, Plaintiffs have all suffered significant losses and Defendants have been unjustly enriched.

23         100.    Pursuant to Cal. Business & Prof. Code §17203, Plaintiffs are entitled to: (a)

24   restitution of money acquired by Defendants by means of their unfair business practices, in amounts

25   not yet ascertained but to be ascertained at trial; (b) a declaration that Defendants' business practices

26   are unfair within the meaning of the statute.

27         101.    Plaintiffs have assumed the responsibility of enforcement of the laws and

28   lawful claims specified herein.  There is a financial burden incurred in pursuing this action which is

- 19 -

in the public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

102.    Plaintiffs request relief as described below.

## VII.    REQUEST FOR JURY TRIAL

103.    Plaintiffs request a trial by jury.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request relief as follows:

A.    A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law:

1.    Cal. Labor Code § 2802 by failing to indemnify Plaintiffs for all necessarily incurred business expenses and losses;

2.    Cal. Labor Code §§ 221 and 400-410 and IWC wage order No. 1, by making unlawful deductions from the compensation paid to Plaintiffs for ordinary business expenses and losses without a showing that the expenses and/or losses were due to Plaintiffs' dishonest or willful act, or to their gross negligence;

3.    Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 1 by failure to provide off-duty meal periods to Plaintiffs;

4.    Cal. Labor Code §§ 226.7 and 1194, and IWC wage order No. 1 by failure to authorize and permit paid rest periods to Plaintiffs;

5.    Cal. Labor Code § 226 and IWC wage order No. 1, § 7(B), by failing to provide Plaintiffs with itemized statements of total hours worked with each payment of wages;

6.    Labor Code §§ 510, 1194, *et seq.*, and IWC wage order No. 1, by failing to pay proper overtime compensation to Plaintiffs;

7.    Cal. Business and Professions Code §§ 17200-17208, by failing to reimburse Plaintiffs for necessarily incurred business expenses, by requiring Plaintiffs to indemnify Defendants for ordinary business losses, by failing to provide off-duty meal periods and/or pay meal period compensation to Plaintiffs, by failing to authorize and permit paid rest breaks and/or missed rest break compensation to Plaintiffs, by failing to provide Plaintiffs with itemized wage

1     statements showing all hours worked, by failing to maintain payroll records that document all

2     hours worked by Plaintiffs; and by failing to pay Plaintiffs overtime premium pay;

3         B.     A declaratory judgment that Defendants' violations as described above were willful;

4         C.     An award to Plaintiffs of statutory penalties because of Defendants' failure to

5     provide Plaintiffs with itemized wage statements that comply with the requirements of Cal. Labor

6     Code § 226, subject to proof at trial;

7         D.     An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs

8     for Defendants' failure to reimburse for business expenses, amounts unlawfully deducted from

9     wages, failure to pay legally required meal and rest period pay, unpaid overtime, and interest

10     thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

11         E.     An award to Plaintiffs of reasonable attorneys' fees and costs, pursuant to Cal. Code

12     of Civil Procedure § 1021.5 and Cal. Labor Code §§ 218.5, 226, 1194, and 2802, and/or other

13     applicable law; and

14         F.     An award to Plaintiffs of such other and further relief as this Court deems just and

15     proper.

16

17     DATED: August 6, 2019             LEONARD CARDER LLP

18

19                              By: _____

20                               AARON KAUFMANN

                                ELIZABETH GROPMAN

21                               *Attorneys for Plaintiffs*

22

23                              RUKIN HYLAND & RIGGIN LLP

24                         By: _____

25                               VALERIE BRENDER

                                PETER RUKIN

26                               *Attorneys for Plaintiffs*

27

28

COMPLAINT FOR DAMAGES

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/06/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Marita P. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV27570 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | John P. Doyle | 58 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/07/2019
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Marita P. Barel _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE** Ex. A, pg. 25

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS: |
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new) <br> LASC Approved 04/11 <br> For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

Ex. A, pg. 29

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Ex. A, pg. 30

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

(INSERT DATE)   (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):     FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

⪰ _____
(ATTORNEY FOR PLAINTIFF)

⪰ _____
(ATTORNEY FOR DEFENDANT)

⪰ _____
(ATTORNEY FOR DEFENDANT)

⪰ _____
(ATTORNEY FOR DEFENDANT)

⪰ _____
(ATTORNEY FOR _____ )

⪰ _____
(ATTORNEY FOR _____ )

⪰ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

Ex. A, pg. 35



## Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a.    The Civil Mediation Vendor Resource List**

Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776  mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145  info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE:  This service is not available for family law, probate or small claims.

**b.    Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/

- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

**c.    Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3.    **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4.    **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

**Los Angeles Superior Court** ADR website:  www.lacourt.org/division/civil/settlement
**For general information** and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

1
2
3
4
5
6
7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

8
9
10
11

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

12   On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13   documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14   Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15   Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16   All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17   following:

18   1) DEFINITIONS

19   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

20      quickly locate and navigate to a designated point of interest within a document.

21   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

22      portal, that gives litigants access to the approved Electronic Filing Service Providers.

23   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission

24      of documents to the Court for processing which may contain one or more PDF documents

25      attached.

26   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

27      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

1  5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2     Electronic filing service providers must obtain and manage registration information for persons

3     and entities electronically filing with the court.

4  6) TECHNICAL REQUIREMENTS

5     a) Electronic documents must be electronically filed in PDF, text searchable format **when**

6        technologically feasible without impairment of the document's image.

7     b) The table of contents for any filing must be bookmarked.

8     c) Electronic documents, including but not limited to, declarations, proofs of service, and

9        exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10       3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11       item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12       bookedmarked item and briefly describe the item.

13    d) Attachments to primary documents must be bookmarked. Examples include, but are not

14       limited to, the following:

15       i)    Depositions;

16       ii)   Declarations;

17       iii)  Exhibits (including exhibits to declarations);

18       iv)   Transcripts (including excerpts within transcripts);

19       v)    Points and Authorities;

20       vi)   Citations; and

21       vii)  Supporting Briefs.

22    e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23       encouraged.

24    f) Accompanying Documents

25       Each document acompanying a single pleading must be electronically filed as a **separate**

26       digital PDF document.

27    g) Multiple Documents

28       Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)   Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)   Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6            This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019                                KEVIN C. BRAZILE

11                                                         KEVIN C. BRAZILE
                                                          Presiding Judge

12

13

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Aaron Kaufmann (SBN 148580)<br>Leonard Carder, LLP<br>1330 Broadway, Suite 1450<br>Oakland, CA 94612 | |

TELEPHONE NO.: (510) 272-0169    FAX NO. *(Optional):* (510) 272-0174
E-MAIL ADDRESS *(Optional):* akaufmann@leonardcarder.com
ATTORNEY FOR *(Name):* Plaintiffs RAUL JAMES BARBOZA, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF/PETITIONER: RAUL JAMES BARBOZA, et al.

DEFENDANT/RESPONDENT:  FLOWERS FOODS, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>19STCV27570 |
|---|---|

TO *(insert name of party being served):* FLOWERS BAKING CO. OF MODESTO, LLC

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 19, 2019

Aaron D. Kaufmann
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

     Notice of Case Assignment; ADR Packet

*(To be completed by recipient):*

Date this form is signed:

_____                    ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Ex. A, pg. 45

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Aaron Kaufmann (SBN 148580)
Leonard Carder, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
TELEPHONE NO.: (510) 272-0169    FAX NO. *(Optional):* (510) 272-0174
E-MAIL ADDRESS *(Optional):* akaufmann@leonardcarder.com
ATTORNEY FOR *(Name):* Plaintiffs RAUL JAMES BARBOZA, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF/PETITIONER: RAUL JAMES BARBOZA, et al.

DEFENDANT/RESPONDENT:  FLOWERS FOODS, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>19STCV27570 |
|---|---|

TO *(insert name of party being served):* FLOWERS FOODS, INC.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 19, 2019

Aaron D. Kaufmann
(TYPE OR PRINT NAME)      ▶      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
    Notice of Case Assignment; ADR Packet

*(To be completed by recipient):*

Date this form is signed:

_____         ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Ex. A, pg. 46

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Aaron Kaufmann (SBN 148580)<br>Leonard Carder, LLP<br>1330 Broadway, Suite 1450<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 272-0169   FAX NO. *(Optional)*: (510) 272-0174<br>E-MAIL ADDRESS *(Optional)*: akaufmann@leonardcarder.com<br>ATTORNEY FOR *(Name)*: Plaintiffs RAUL JAMES BARBOZA, et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF/PETITIONER: RAUL JAMES BARBOZA, et al.

DEFENDANT/RESPONDENT:  FLOWERS FOODS, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>19STCV27570 |
|---|---|

TO *(insert name of party being served)*: FLOWERS BAKING CO. OF HENDERSON, LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 19, 2019

Aaron D. Kaufmann
_____              ▶    _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

   Notice of Case Assignment; ADR Packet

*(To be completed by recipient)*:

Date this form is signed:

_____              ▶    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Manuel Marquez  et al

DEFENDANT:
Flowers Foods, Inc. et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**08/13/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Robert Lee _____ Deputy

CASE NUMBER:
19STCV27570

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/13/2019 | Time: 8:30 AM | Dept.: 58 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

**John P. Doyle**

Dated: _08/13/2019_

_____ John P. Doyle / Judge _____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Valerie Brender
1939 Harrison Street Suite 290
Oakland, CA 94612

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _08/13/2019_____

By _Robert Lee_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three
Ex. A, pg. 48

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>08/13/2019<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ Robert Lee _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Manuel Marquez  et al | |
| DEFENDANT/RESPONDENT:<br>Flowers Foods, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV27570 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Valerie  Brender
Rukin Hyland & Riggin LLP
1939 Harrison Street Suite 290
Oakland, CA  94612

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>08/13/2019</u>

By: __<u>Robert Lee</u>_____
Deputy Clerk

CERTIFICATE OF MAILING

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

08/13/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____Robert Lee_____ Deputy

PLAINTIFF(S):

Manuel Marquez  et al

DEFENDANT(S):

Flowers Foods, Inc. et al

**ORDER TO SHOW CAUSE HEARING**

CASE NUMBER:

19STCV27570

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>11/13/2019</u> at <u>8:30 AM</u> in department <u>58</u> of this court, <u>Stanley Mosk Courthouse</u>,
and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**John P. Doyle**

Dated: <u>08/13/2019</u>

John P. Doyle / Judge

Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

Ex. A, pg. 50

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/13/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Robert Lee _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Manuel Marquez  et al | |
| DEFENDANT/RESPONDENT:<br>Flowers Foods, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV27570 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Valerie  Brender
Rukin Hyland & Riggin LLP
1939 Harrison Street Suite 290
Oakland, CA  94612

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>08/13/2019</u>

By: <u>  Robert Lee                                        </u>
Deputy Clerk

**CERTIFICATE OF MAILING**

Ex. A, pg. 51

1   Aaron Kaufmann, SBN 148580
2   Elizabeth Gropman, SBN 294156
    LEONARD CARDER, LLP
3   1330 Broadway, Suite 1450
    Oakland, CA  94612
4   Telephone: (510) 272-0169
    Facsimile:  (510) 272-0174
5   akaufmann@leonardcarder.com
    egropman@leonardcarder.com
6

7   Peter Rukin, SBN 178336
    Valerie Brender, SBN 298224
8   RUKIN HYLAND & RIGGIN, LLP
    1939 Harrison Street, Suite 290
9   Oakland, CA  94612
    Telephone:  (415) 421-1800
10  Facsimile:  (415) 421-1700
    prukin@rukinhyland.com
11  vbrender@rukinhyland.com

12

13  Attorneys for Plaintiff

14          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  FOR THE COUNTY OF LOS ANGELES

16  RAUL JAMES BARBOZA, MANUEL        )   Case No.  19STCV27570
    MARQUEZ, FRANCIS REAPORT,         )
17  MATTHEW BLEHM, LARRY LUNDVALL,    )   [Complaint filed August 6, 2019]
    EDWARD SMITH, GARY HAYES, MICHAEL )
18  MARTINSON, and GABRIEL FIERRO,    )   **PROOF OF SERVICE**
                                      )
19                                    )
                                      )
20          Plaintiffs,               )
                                      )
21      v.                            )
                                      )
22                                    )
                                      )
23  FLOWERS FOODS, INC., FLOWERS      )
    BAKING CO. OF MODESTO, LLC, and   )
24  FLOWERS BAKING CO. OF HENDERSON,  )
    LLC,                              )
25                                    )
                                      )
26          Defendants.               )
    _____   )

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

RECEIVED
AUG 26 2019
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Manuel Marquez  et al

DEFENDANT:
Flowers Foods, Inc. et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

**Reserved for Clerk's File Stamp**

**FILED**
Superior Court of California
County of Los Angeles

08/13/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Robert Lee _____ Deputy

CASE NUMBER:
19STCV27570

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/13/2019 | Time: 8:30 AM | Dept.: 58 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

**John P. Doyle**

Dated:  08/13/2019 _____

_____ John P. Doyle / Judge _____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles _____ , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Valerie Brender
1939 Harrison Street Suite 290
Oakland, CA 94612

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  08/13/2019 _____

By  Robert Lee _____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three
Ex. A, pg. 53

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/13/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Robert Lee _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Manuel Marquez  et al | |
| DEFENDANT/RESPONDENT:<br>Flowers Foods, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV27570 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Valerie  Brender
Rukin Hyland & Riggin LLP
1939 Harrison Street Suite 290
Oakland, CA  94612




Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>08/13/2019</u>          By: <u>  Robert Lee                          </u>
                                            Deputy Clerk

CERTIFICATE OF MAILING

| # SUPERIOR COURT OF CALIFORNIA<br># COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/13/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Deputy<br>Robert Lee |
| PLAINTIFF(S):<br>Manuel Marquez  et al | |
| DEFENDANT(S):<br>Flowers Foods, Inc. et al | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>19STCV27570 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>11/13/2019</u> at <u>8:30 AM</u> in department<u>58</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**John P. Doyle**

Dated: <u>08/13/2019</u>

John P. Doyle / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/13/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Robert Lee _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Manuel Marquez  et al | |
| DEFENDANT/RESPONDENT:<br>Flowers Foods, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV27570 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Valerie  Brender
Rukin Hyland & Riggin LLP
1939 Harrison Street Suite 290
Oakland, CA  94612

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>08/13/2019</u>

By: <u>  Robert Lee                                    </u>
Deputy Clerk

**CERTIFICATE OF MAILING**

Ex. A, pg. 56

**PROOF OF SERVICE**

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 1330 Broadway, Ste. 1450, Oakland, CA 94612; and that on this date I served a true copy of the following document:

- **NOTICE OF CASE MANAGEMENT CONFERENCE**
- **ORDER TO SHOW CAUSE HEARING**

On August 22, 2019, service was effectuated by forwarding the above-noted document(s) in the following manner:

| x | By U.S. Mail, by placing the document(s) listed above in a sealed envelope, addressed as noted below, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of LEONARD CARDER LLP. |

CHRISTOPHER W. DECKER, SBN 229426
christopher.decker@ogletreedeakins.com
ALEXANDER M. CHEMERS, SBN 263726
alexander.chemers@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071

BRIAN D. BERRY, SBN 229893
Brian.Berry@ogletree.com
JARED L. PALMER, SBN 287974
jared.palmer@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105

KEVIN P. HISHTA, *Pro Hac Vice*
kevin.hishta@ogletree.com
A. CRAIG CLELAND, *Pro Hac Vice*
craig.cleland@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on Thursday, August 22, 2019, at Oakland, California.

CATE L. COELHO