Peter Rukin, SBN 178336
*prukin@rukinhyland.com*
Valerie Brender, SBN 298224
*vbrender@rukinhyland.com*
RUKIN HYLAND & RIGGIN LLP
1939 Harrison Street, Ste. 290
Oakland, CA 94612
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Aaron Kaufmann, SBN 148580
*akaufmann@leonardcarder.com*
Elizabeth Gropman, SBN 294156
*egropman@leonardcarder.com*
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174

*Attorneys for Plaintiffs*

(Additional Counsel below)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY BARBOZA, MANUEL MARQUEZ, FRANCIS REAPORT, MATTHEW BLEHM, LARRY LUNDVALL, EDWARD SMITH, GARY HAYES, MICHAEL MARTINSON and GABRIEL FIERRO,<br><br>Plaintiffs,<br>v.<br>FLOWERS FOODS, INC., FLOWERS BAKING CO. OF MODESTO, LLC, and FLOWERS BAKING CO. OF HENDERSON, LLC,<br><br>Defendants. | **CASE NO. 2:19-cv-08094-GW-Ex**<br><br>**JOINT STATUS REPORT**<br><br>Date: July 9, 2020<br>Time: 8:30 a.m.<br>Courtroom: 9D |

1  ALEXANDER M. CHEMERS, SBN 263726
2  alexander.chemers@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK &
3  STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
5  Telephone: 213-239-9800
6  Facsimile: 213-239-9045

7  JARED L. PALMER, SBN 287974
8  jared.palmer@ogletree.com
   J.P. SCHREIBER, SBN 317829
9  john.schreiber@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK &
10 STEWART, P.C.
11 Steuart Tower, Suite 1300 One Market Plaza
   San Francisco, CA 94105
12 Telephone: 415-442-4810
13 Facsimile: 415-442-4870

14
   Attorneys for Defendants
15 FLOWERS FOODS, INC., FLOWERS BAKING
16 CO. OF MODESTO, LLC, and FLOWERS
   BAKING CO. OF HENDERSON, LLC

17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to this Court's Order of February 20, 2020 (Dkt. No. 36), Plaintiffs Jimmy Barboza, Manuel Marquez, Francis Reaport, Matthew Blehm, Larry Lundvall, Edward Smith, Gary Hayes, Michael Martinson and Gabriel Fierro ("Plaintiffs") and Defendants Flowers Foods, Inc., Flowers Baking Co. of Modesto, LLC, and Flowers Baking Co. of Henderson, LLC ("Defendants") (collectively, the "Parties") jointly submit the following Joint Status Report.

**I.  SUMMARY OF CASE**

Plaintiffs allege that Defendants misclassified them as independent contractors instead of employees in violation of California law. Plaintiffs further allege that, by misclassifying Plaintiffs as independent contractors, Defendants have failed to comply with numerous California wage and hour legal obligations, including: to reimburse Plaintiffs for their work-related expenses; to not take unlawful deductions from Plaintiffs' wages; to provide Plaintiffs with lawful off duty meal periods and paid rest breaks; to pay overtime premium pay; and to provide Plaintiffs with accurate wage statements. As a result, Plaintiffs seek restitution, damages, and/or penalties.

Defendants deny Plaintiffs' allegations. Defendants contend that Plaintiffs were properly classified as independent contractors. Indeed, the overall structure of the Parties' business relationship is based on Plaintiffs' status as independent contractors. Defendants further contend that Plaintiffs are successful businesspersons who purchased franchise distributorships providing them the distribution rights to sell and distribute certain baked products in one or more geographical areas ("territories"). The contractual rights of Distributors like Plaintiffs are memorialized in Distributor Agreements (the "Agreements"), which specify that the relationship is one of independent contractor and that the Distributor shall not be controlled by the Company as to the specific details or manner of the Distributor's business, it being understood that the primary interest of the Company is the results achieved by Distributor.

## II.  STATUS OF LITIGATION

### 1.  The Case Has Been Stayed Pursuant to This Court's February 20, 2020 Order Granting Defendants' Motion to Stay

The crux of this case is whether Plaintiffs are properly classified as independent contractors. On November 18, 2019, Defendants moved to stay this litigation pending resolution of the appropriate standard to evaluate Plaintiffs' purported misclassification. The parties disagreed (and continue to disagree) regarding the propriety of a stay. On February 20, 2020, the Court granted Defendants' motion to stay the case. Dkt. No. 36 at pp. 7-8. On March 19, 2020, the Court ordered that "the current trial date of September 15, 2020, and all other dates in the scheduling order (Dkt. No. 16), are taken off calendar and a new trial date be set at the July 9, 2020 status conference." Dkt. No. 38.

### 2.  Plaintiffs Ask That the Stay Be Lifted and a New Schedule Set

As Plaintiffs have previously argued (Dkt. Nos. 20, 32), a stay of this case is inappropriate. Plaintiffs agree with this Court's earlier February 3, 2020 tentative ruling (Dkt. No. 29) denying a stay. As the Court then explained, "While Defendants argue that a stay is needed to avoid unnecessary discovery and promote judicial economy, *Defendants have not actually shown the Court how discovery would be impacted by the uncertainty regarding the two tests.*" Dkt. No. 29 at 6 (emphasis added). As Plaintiffs have previously noted, there is no significant discovery burden unique to the ABC test that will be rendered moot should there be an appellate ruling that *Dynamex* is not retroactive or that the FAAAA preempts AB-5. In fact, nearly all discovery with respect to the ABC test will focus on prong A (whether the worker is "free from the control and direction of the hiring entity") which, as Defendants recognize (Dkt. No. 30 at 5 n. 2), is a factor common to both the ABC test and the *Borello* test.

Further, as Plaintiffs have previously pointed out, the FAAAA preemption argument hinges solely on whether Part B of the ABC test interferes with federal

- 2 -
JOINT STATUS REPORT
Case No. 2:19-cv-08094-GW-Ex

law. There is no dispute that: (i) Part A (addressing the principal's control of the work) and Part C (addressing whether the agents perform similar services for others) of *Dynamex's* ABC test will survive regardless of any ruling in CTA; and (ii) that Defendants' inability to satisfy either Part A or Part C will fully resolve Plaintiffs' employment status under the ABC test as to the period predating the effective date of AB-5 (i.e., nearly 20 months of the entire liability period in this case).

Further delaying discovery prejudices Plaintiffs by denying them a timely adjudication of their Labor Code claims. It is also not judicially efficient: regardless of whether *Dynamex* is retroactive or FAAAA preempts AB-5, the primary—and only fact-intensive—question of whether the plaintiff distributors are free from the control and direction of Flowers will need to be explored in discovery and decided by the Court. So too will the issue of whether plaintiffs distribute for companies other than Flowers. Staying discovery of those issues will merely delay—rather than moot—the work that needs to be done in this case and keep this case open on the Court's docket for that much longer.

As it currently stands, the certified question of retroactivity in *Jan-Pro* is not yet fully briefed before the California Supreme Court (petitioners' reply brief is due July 16, 2020), and the Ninth Circuit will not likely hear argument in *California Trucking* until late Fall or Winter of 2020. Given this time horizon, it would be most efficient to allow the parties to begin discovery on the 95 percent of factual issues in this case that have no relation to those two pending appeals. Plaintiffs accordingly ask that the Court lift the stay, allow discovery to begin, and set a trial date for the Fall of 2021.

### 3. Defendants Ask That the Court Maintain the Status Quo and Continue the Stay Pending Resolution of the Issues on Appeal

Defendants request the Court maintain the stay imposed by its February 20, 2020 Order and schedule a further status conference for six to nine months out. As

Defendants previously briefed the Court, the legal standard governing Plaintiffs' purported misclassification is in flux because it is unclear whether the "ABC" test articulated in *Dynamex Operations West v. Superior Court*, 4 Cal. 5th 903 (2018), applies retroactively or even complies with due process, as well as whether the ABC test is preempted by the Federal Aviation and Administration Authorization Act ("FAAAA"). These issues are currently pending on appeal before the California Supreme Court and Ninth Circuit Court of Appeal. "Given the highly unsettled state of the law regarding the test for an employment relationship," the Court granted Defendants' motion for a stay.

As of today, no further clarity regarding the appropriate standard to evaluate Plaintiffs' purported misclassification is available. However, the two cases with appeals relevant to this lawsuit are proceeding in their respective courts. Until the issues on appeal are resolved, there is no reason to lift the stay in this case.

*First*, the Court previously rejected Plaintiffs' arguments when it granted Defendants' motion for a stay. In its February 20, 2020 Order, the Court concluded that due to the "highly unsettled state of the law regarding the test for an employment relationship, . . . a stay is appropriate." Dkt. No. 36 at p.7. Since filing this lawsuit, Plaintiffs have made known their intention of filing an early summary judgment motion on employment status. Dkt. Nos. 15 at 12:23-25, 36 at p. 7. Recognizing the risk of proceeding with discovery and motion practice without a clear legal standard, this Court concluded that, "[p]roceeding with discovery and then subsequent motions before the courts have clarified retroactivity and preemption could lead to inefficiencies and wasted resources for both the parties and the Court." Dkt. No. 36 at pp. 7-8. Due to the "significant differences" between the ABC test and the *Borello* test, "discovery will differ depending on which test applies (or whether both apply)." *Id.* at p. 8. Waiting for direction on which test applies and when will promote the orderly course of justice instead of having the Parties conduct discovery as to both tests or brief issues that could be mooted soon.

*Second*, Plaintiffs are incorrect in their position that *Dynamex's* ABC test will still apply even if AB-5 is found preempted. If the Ninth Circuit finds AB-5 preempted, in whole or in part, then the ABC test disappears and the *Borello* test instead applies to all claims, whenever they arose. AB-5 specifically provides that the *Borello* test will apply if "a court of law rules that the [ABC] test . . . cannot be applied to a particular context." Lab. Code § 2750.3(a)(3). So, if AB-5 continues to be enjoined such that it cannot be applied, then *Borello* (not the ABC test) applies. Also, if AB-5 is preempted by federal law, the ABC test introduced by *Dynamex* would be preempted for the same reasons, again leaving the parties to apply the *Borello* test.

*Third*, the two issues on appeal are progressing so there is no need to lift the stay prior to further guidance from the California Supreme Court and the Ninth Circuit Court of Appeal. As Plaintiffs note, the briefing on the issue of whether the ABC test applies retroactively is nearly complete. Significantly, when the California Supreme Court extended the petitioners' request for an extension to file a reply brief, it noted that, "[n]o further extension of time to file the reply brief on the merits is contemplated." *Vazquez v. Jan-Pro Franchising Int'l., Inc.*, No. S258191 (Cal. June 9, 2020). The pending appeal before the Ninth Circuit regarding the issue of whether the FAAAA preempts application of the "ABC" test is even further along. The briefing is complete and the Ninth Circuit scheduled oral argument for September 1, 2020. *Cal. Trucking Assoc., et al. v. Xavier Becerra, et al.*, No. 20-55106 (9th Cir. June 21, 2020). Proceeding when legal clarity is forthcoming will most certainly result in unnecessary discovery and a waste of judicial resources. *See Quinn-White v. Novartis Pharm. Corp.*, No. 16-cv-4300-PSG (AGRx), 2016 WL 11519285, at *4 (C.D. Cal. Oct. 7, 2016) (noting that "[a] clear legal standard . . . will simplify the issues and proof needed"); *Garcia v. Hollister Co.*, No. 16-cv-154-JGB (AGRx), 2016 WL 10988791, at *4 (C.D. Cal. Aug. 2, 2016) (finding that "[i]t would be unfair to Defendants to require . . . discovery and briefing . . . when the decision in

1  *Casas* may moot this claim").

2       Accordingly, Defendants request the Court continue the stay, not set a new
3  trial date at this time, and schedule a further status conference in the first quarter of
4  2021.

6  DATED:  July 7, 2020          LEONARD CARDER, LLP

7                                            By: /s/ Aaron Kaufmann
8                                               AARON KAUFMANN
                                             ELIZABETH GROPMAN
9                                               *Attorneys for Plaintiffs*

10
                                             RUKIN HYLAND & RIGGIN LLP
11

12                                            By: /s/ Peter Rukin
                                             PETER RUKIN
13                                               VALERIE BRENDER
14                                               *Attorneys for Plaintiffs*

15
16  DATED:  July 7, 2020          OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.
17
18                                            By: /s/ Alexander M. Chemers
                                             ALEXANDER M. CHEMERS
19                                               JARED L. PALMER
                                             J.P. SCHREIBER
20                                               *Attorneys for Defendants*

21

22       I attest that all other signatories listed, and on whose behalf the filing is
23  submitted, concur in the filing's content and have authorized the filing.

25  DATED:  July 7, 2020          By: /s/ Peter Rukin
                                                 PETER RUKIN

27                                                                                      43387087.1

28